ACCEPTED
03-15-00109-CR
6546620
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 3:09:11 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00109-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 3:09:11 PM
JEFFREY D. KYLE
Clerk

| | | |
|---|---|---|
| CHELSEA PADOWSKI | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE COUNTY COURT OF LAW NUMBER FIVE

TRAVIS COUNTY, TEXAS

CAUSE NO. C-1-CR-14-205047

### APPELANT'S BRIEF

James Gill
1201 Rio Grande, Ste 200
Austin, Texas 78701
Phone: (512) 448-4560
Fax: (512) 308-6780
jgill@austin-criminallawyer.com
Bar Number: 24043692

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

CHELSEA PODWOSKI
2202 W. Northloop
Austin, Texas 78756
**Appellant**

JAMES R. GILL
1201 Rio Grande, Ste 200
Austin, Texas 78701
**Trial & Appellate Attorney for Appellant**

WARD B.B. DAVISON
1201 Rio Grande, Ste 200
Austin, Texas 78701
**Appellate Attorney for Appellant**

Giselle Horton
Travis County Attorney's Office
P.O. Box 1748
Austin, Texas 78767
**Appellate Attorney for the State**

The Honorable Nancy Hohengarten
County Court at Law #5
P.O. Box 1748
Austin, Texas 78767
**Trial Judge**

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………..i

TABLE OF AUTHORITIES…………………………………………………………iv

STATEMENT OF THE CASE…………………………………………………….v

REQUEST FOR ORAL ARGUMENT…………………………………………....vi

ISSUES PRESENTED…………………………………………………….....vii

STATEMENT OF FACTS…………………………………………………………2

SUMMARY OF THE ARGUMENTS………………………………………………..4

ARGUMENT………………………..…………………………………………...4

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE BREATH TEST EVIDENCE OBTAINED THROUGH PSYCHOLOGICAL COERCION OF APPELLANT.

**A. Based on the totality of the circumstances, Appellant's ability to determine whether or not to provide evidence to a law enforcement officer was overborne by that law enforcement officer's actions.**

    **a. Officer Marler read the statutory DIC-24, required to be read before asking for a breath sample, warning so fast as to cause confusion for the Appellant.**

    **b. Upon Appellant's request for a clarification of the DIC-24, Officer Marler misrepresented the law in regards to possible consequences of Appellants compliance or refusal.**

    **c. Appellant complied with Officer Marler's request for a specimen of her breath based upon Officer Marler's misrepresentation of her rights.**

**B. The trial court's error in failing to suppress the breath test evidence was harmful beyond a reasonable doubt.**

PRAYER…………………………………………………………………….11

CERTIFICATE OF SERVICE……………………………………………………12

## TABLE OF AUTHORITIES

**Cases**

*Fienen v. State*, 390 S.W.3RD 328 (Tx. Crim App., 2013)…………………….6,7,8,9

*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)………………....5,6

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)……………………..5

*Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App.1990)……………………5

*Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007)…………………...5

*State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)………………………..5

*State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App)…………………………………...5

*Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App.2006)…………….5

*Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002)……………...5,6

*Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005)…………………..5

*Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011)………………10

**Statutes**

TEX. TRANS. CODE §724.015(3)……………………………………………….7

TEX. R. APP. PROC. 44.2(a)…………………………………………………10

## STATEMENT OF THE CASE

*Nature of the case*:

On May 2014 the County Attorney presented information alleging that the Appellant committed DWI (1st offense, BAC > .15) on or about March 29, 2014.

*Course of proceedings:*

A pretrial hearing was held on Appellant's Motion to Suppress was held on November 25th, and December 4th, 2014.

*Disposition of the case:*

Client pleaded guilty to the offense of DWI on December 4th, 2014. Appellant was sentenced to 15 months of probation on a class B 1st offense, $100 fine, 60 hours of Community Service and 6 months of an ignition interlock in her vehicle. The finding of BAC >.15 was waived by the state.

## REQUEST FOR ORAL ARGUMENT

This issue needs to be heard as it revolves around the split between *Erdman* and *Fienen*. It also speaks directly to the concurring opinion in *Fienen*.

This case seeks to clarify the conclusion the Criminal Court of Appeals laid out in *Fienen*, especially about clear misrepresentations of the law. *Fienen* states that a law enforcement officer may not misrepresent the law. However, the law enforcement officer in *Fienen* represented the law clearly and correctly. And the main issue was whether or not extra statutory language should be permitted. It is perfectly reasonable and just for a law enforcement officer to clarify statutory language and provide the arrested individual with factual information.

The question remains: Is it permissible to admit evidence to trial obtained by a law enforcement official's misrepresentation of the law? *Fienen* says that it is not permissible. However, there is some ambiguity as to the weight given misrepresentations of the law because we must view under the totality of the circumstances of each individual case.

An oral argument may better allow for examination of the facts of this case as there is some confusion about the weight the evidence should be given. Closer scrutiny will provide all parties, and all trial court in Texas, with greater clarity.

## ISSUES PRESENTED

Did the trial court err in failing to suppress evidence of the Appellants breath test when the arresting officer misrepresented the law to Appellant?

**NO. 03-15-00109-CR**

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AUSTIN, TEXAS

| CHELSEA PADOWSKI | § | APPELLANT |
|---|---|---|
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

APPEAL FROM THE COUNTY COURT OF LAW NUMBER FIVE

TRAVIS COUNTY, TEXAS

CAUSE NO. C-1-CR-14-205047

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Appellant Chelsea Podowski, by and through her undersigned counsel and offers this Appellant's Brief.

This case brings to light how an officer's misrepresentation of the law can critically impair a suspect's power of self-determination. Police officers are highly respected members of the community. This same community tasks law enforcement officials to protect the rights and liberties of the entire population.

When an officer testifies that he misrepresented the law and incorrectly advised the suspect with regard to her privileges to operate a motor vehicle, the officer has abridged the suspect's rights as opposed to protecting them. This Court should send a message that police officers are not allowed to gather evidence by misinforming a suspect of their rights. Failure to reverse and remand the trial court's decision will set a precedent that law enforcement officials may misrepresent the law when gathering evidence…certainly an unjust outcome.

STATEMENT OF FACTS

Officer Scott Marler testified Officer Jennings made a traffic stop on Appellant, Chelsea Padowski, and requested an officer to perform the standardized field sobriety tests around 1:00 A.M, March 29, 2014. RR II 18-19. Marler responded to perform the tests. RR II 18. Marler observed the vehicle stopped in a parking lot at 1100 block of W. Sixth. RR II 19. After speaking with Officer Jennings, Marler introduced himself to Appellant, Padowski, and performed the Standardized Field Sobriety Tests. RR II 20-21. After completing the tests, Marler then read Padowski the DIC 24 warning. RR II 21. Marler read the document at a very rapid pace, confusing Padowski. RR II 31, RRIII 17. Padowski informed officer Marler that she didn't fully comprehend everything and asked "In which

2        2

case is my license not going to be suspended at all." RR II 24. Officer Marler, misrepresenting the law, responded "None." RR II 24. Marler then asked, "Is that a yes or a no?" RR II 24. Padowski then responded "yes" to provide a sample of her breath. RR II 24. Marler had previously requested a PBT test from Padowski which Padowski declined to provide after another officer explained to her what a portable breath test was. RR II 21. On cross-examination Marler estimated that he had read the DIC-24 approximately 10-12 times in his entire career. RR II 24-25.

Padowski testified on direct examination that she didn't feel like she had a choice to refuse the breath test from the arresting officer. RR II 29. Padowski further testified once she arrived at the mobile breath test unit that the man who administered the breath test told her she had to take the test. RR II 29. The man who administered the breath test is Keith Wade, a civilian employee and former peace officer. RR III 2-3.

Keith Wade had no recollection of performing the breath test on Padowski even after having been shown a booking photo of Appellant or of any events of that particular day. RR III 5. Wade subsequently admitted that he has been asked "quite a bit" by persons who are under arrest if they have to take the breath test. RR III 7. When asked by the state how he responded to these questions, he responded, "It all depends of the situation." RR III 7. On direct examination, Wade further testified that if it were not a no-refusal weekend he would tell them

they didn't have to take the test. RR III 8. When asked on direct examination if Padowski asked him if she had to take the test he didn't recall. RR III 8-9. Padowski distinctly remembers asking Wade if she was required to provide a specimen of her breath and Wade's answer in the affirmative. RR II 29.

SUMMARY OF THE ARGUMENTS

The trial court erred in denying Appellant's motion to suppress the breath test evidence acquired illegally by the police officer. An officer is not allowed to make misrepresentations of the law. Further, based on the totality of the circumstances the Appellant's involuntary acquiescence to the police officer's request for evidence was obtained through psychological coercion. By allowing the evidence to be admitted, the trial court harmed the Applicant beyond a reasonable doubt.

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE BREATH TEST EVIDENCE OBTAINED THROUGH PSYCHOLOGICAL COERCION OF APPELLANT.

Preservation of Error

Prior to the beginning of trial, Appellant raised the issue of the officer misrepresenting the law with regard to Appellant's right to refuse to take a breath test. RR II 21, 24

## Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, the appellate court does not engage in its own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App.1990). As the sole trier of fact, the trial judge is in the best position to assess the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified on other grounds by *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, a reviewing court gives almost total deference to the trial court's rulings on: (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App.2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). However, when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, the appellate court reviews the trial court's rulings

on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Here, Appellant challenges the validity of Appellant's consent to providing a breath specimen. The ruling on this issue does not turn on the credibility and demeanor of witnesses, as they admitted to the alleged conduct. Consequently, this Court should conduct a de novo review of the trial court's ruling.

Argument and Authorities

"The totality of the circumstances" must be taken into account to determine "whether DWI suspects acted voluntarily." *Fienen v. State*, 390 S.W.3d 328, 336 (Tex. Crim. App. 2012). The Travis County Court No. 5 agreed with this assessment. RR III 10. Part of the totality of those circumstances was a misrepresentation of the law by a police officer when asked for a clarification from Appellant. RR II at 27. The Court in *Fienen* clearly states in its conclusion that "law-enforcement officers may not misrepresent the law."

**A. Based on the totality of the circumstances, Appellant's ability to determine whether or not to provide evidence to a law enforcement officer was overborne by that law enforcement officer's actions.**

In *Fienen* the officer places a suspect under arrest. After having been properly read the DIC-24, the suspect then refuses to give a breath specimen. The arresting Officer requests a warrant for a blood draw. At this point Fienen begins to

6      6

vacillate between wanting to comply with the officer's request for a specimen and refusing that request. At no time did the officer "provide any information that was untrue." *Id* at 335-336. Conversely, the officer's responses to Fienen's constant questioning provided Fienen with "greater information on which to base his decision" to comply with the officer's request or to refuse. *Id.*

The Court in *Fienen* clearly states that "a driver's consent to a blood or breathe test must be free and voluntary." *Id.* The Court further explains that the "ultimate question is whether the person's will has been overborne and capacity for self-determination critically impaired such that his consent to search must have been involuntary." *Id.*

Here, Officer Marler critically impaired the Appellant's capacity for self-determination by misrepresenting the law following a request from the Appellant for a clarification. RR II 24. Officer Marler's departure from the law further confused the Appellant, forcing her to make a decision based on false information supplied by Officer Marler.

> **a. Officer Marler read the statutory DIC-24, required to be read before asking for a breath sample, warning so fast as to cause confusion for the Appellant.**

An arresting officer must "inform the [arrested] orally" of the consequences of their refusal to provide a specimen. TEX. TRANS. CODE §724.015(3). Officer Marler failed to inform Padowski orally because Marler, according to the trial

court, read the warning "way too fast." RR II 45. While this fact alone would not likely render Padowski's waiver of the right to refuse providing a specimen involuntary, it is the act which leads to Officer Marler's misrepresentation of the law. But for Officer Marler's unreasonable reading of the warning (the Trial Court stated that Officer Marler should be admonished not to read it in such a manner), Padowski would not have required clarification. RR II 45. Marler created the circumstances under which he would misrepresent the law. This is vastly different than *Fienen*, where Fienen created the confusion and the officer provided Fienen with accurate clarifications. Here, Officer Marler created a confusing situation and further befuddled Appellant's ability to make a clear determination of her rights when he misrepresented those rights to her.

      **b. Upon Appellant's request for a clarification of the DIC-24, Officer Marler misrepresented the law in regards to possible consequences of Appellants compliance or refusal.**

When asked if he "misrepresented the current law," Officer Marler replied "Yes, sir, I did." RR II 27. The Court in *Fienen* states in its conclusion that "law enforcement officer's may not misrepresent the law." Appellant recognizes the fact that Officer Marler did not intend to misrepresent the law. Appellant does not make the argument that Officer Marler intended to deceive or coerce the Appellant. However, through his actions, Officer Marler created a deception that coerced

Appellant Padowski into an involuntary acquiescence to Marler's request for a breath specimen.

### c. Appellant complied with Officer Marler's request for a specimen of her breath based upon Officer Marler's misrepresentation of her rights.

After Officer Marler misstated the law, Padowski felt that she "didn't really have a choice" that would allow her to proceed without having her license suspended. RR II 29. Thus her decision making moved towards a matter of compliance or not. Padowski complied because she "wanted to be up front with everything" and "felt that [refusal] would just, in general, look like [she] was resisting. RR II 31. Given the circumstances under which she was forced to make her decision, Officer Marler's failure to inform Padowski of her rights and misrepresenting her rights to her, Padowski could only involuntarily comply.

The State argues that Marler's over zealous reading of the warning combined with his misrepresentation of the law do not deem her breath test compliance involuntary. However, the burden is on the State to prove that the test is voluntary. *Fienen.* The State must provide clear and convincing evidence that it was voluntary. *Id.* The State's best evidence to carry their burden is Appellant's eventual consent. That simply does not rise to the level of clear and convincing evidence, especially when weighed against the facts supporting Padowski's argument.

9                    9

## B. The trial court's error in failing to suppress the breath test evidence was harmful beyond a reasonable doubt.

Due to the constitutional magnitude of the trial court's error, this Court must reverse the judgment of conviction unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* Tex. R. App. Proc. 44.2(a). In conducting this analysis, this Court should consider the following factors: (1) the nature of the error, (2) whether it was emphasized by the State, (3) the probable implications of the error, and (4) the weight the jury would likely have assigned to it in the course of its deliberations. *See Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). The Court of Criminal Appeals has held that these are not the exclusive considerations in any particular case, as many other considerations may logically serve to inform a proper harm analysis. *See id*. According to the Court of Criminal Appeals:

> At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether "beyond a reasonable doubt [that particular] error did not contribute to the conviction or punishment."
> *Id*. (quoting Tex. R. App. Proc. 44.2(a))

Here, the error certainly crippled any chance of trying this case in front of a jury. Any reasonable jury would have given great weight to a breath alcohol concentration over .16. Had the Trial Court not erred in denying Appellant's

Motion to Suppress the breath test evidence, Padowski's chances of going to trial and maintaining her innocence would have drastically increased.

PRAYER

WHEREFORE PROMISES CONSIDERED, Appellant prays that this Court sustains her point of error, reverse the trial court's denial of the motion to suppress & judgment of conviction, and remand for new trial.

Respectfully submitted,

/s/ James Gill_____

James Gill
1201 Rio Grande, Ste 200
Austin, Texas 78701
Phone: (512) 448-4560
Fax: (512) 308-6780
jgill@austin-criminallawyer.com
Bar Number: 24043692

## CERTIFICATE OF SERVICE

This is to certify that the above Appellant's brief has been served on the State's attorney by hand delivering a copy to Giselle Horton, Travis County Attorney's Office, P.O Box 1748, Austin, Texas 78767 and electronic transmission ([AppellateTCDA@co.travis.tx.us](mailto:AppellateTCDA@co.travis.tx.us)), on this 18th day of August, 2015

/s/ James Gill_____

James Gill